UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEPHEN TED KOPROWSKI, | ) | |
| | ) | Civil No. 11-183-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| KAREN BENNETT BAKER, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**** **** **** ****

Plaintiff Stephen Koprowski is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky.  Koprowski filed this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  In his second amended complaint, Koprowski alleges that officials and healthcare providers at the prison did not provide him with adequate medical care for a back injury he sustained after falling off a ladder while performing work duties at the prison. [R. 54]

This matter is before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12, or in the alternative, for summary judgment pursuant to Rule 56. [R. 60]  Because Defendants included and relied upon numerous declarations and medical records attached to their motion, the Court must treat it as a motion for summary judgment. Fed. R. Civ. P. 12(d).  This motion has been fully briefed, [R. 66, 68] as has Koprowski's related Rule 56(d) motion, which asks the Court to delay ruling on summary judgment so he can conduct discovery in order to properly oppose it. [R. 64, 65]  Before focusing on those matters, the Court will address a number of motions filed by Koprowski related to Defendants' summary judgment

motion and to the production of medical records.

## I

In his complaint, Koprowski alleges that on November 23, 2009 he was working in the food service area of the prison when he fell off a step ladder.  Koprowski states that he was in severe pain, could not initially feel his legs, and had severe difficulty walking. [R. 54 at 2-3.] However, medical staff supposedly treated the injury as if it were minor and temporary.  And in the weeks and months after the fall, the medical staff improperly delayed taking x-rays of his back, in addition to initially refusing to have an MRI performed. [R. 54 at 4-14.]  Koprowski also complained of the medical care he received throughout 2010 and the beginning of 2011. [R. 54 at 15-37]  Finally, Koprowski claims that Defendants retaliated against him for filing grievances regarding his healthcare by denying him necessary care and subjecting him to prison discipline.

Koprowski has named Nurse Practitioner Karen Bennett-Baker, Clinical Director Dr. Richard Ramirez, Regional Physician Dr. Jorge Vazquez-Velazquez, Case Manager Mark McHargue, Health Services Administrator Rhonda Jones, and Warden Eric Wilson.  Koprowski contends: (1) Defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment; (2) Defendants' actions violated his due process and equal protection rights under the Fifth and Fourteenth Amendments; (3) and Defendants retaliated against him in violation of the First Amendment. [R. 54 at 43-49.]

On June 29, 2012, Defendants filed a motion to dismiss the complaint, or in the alternative, for summary judgment. [R 60]  In their motion, Defendants contend that while Koprowski administratively exhausted his claims regarding his medical care, he did not do so with respect to any of his other claims, including his retaliation claim. [R. 60 at 12-17.] Defendants further contend that because Koprowski's medical care arose out of an injury he

received while working at the prison, the Inmate Accident Compensation Act, 18 U.S.C. § 4126 ("IACA"), is his exclusive remedy and bars his claims under *Bivens*. [R. 60 at 17-19.] Defendants also argue that Koprowski's mere disagreement with the medical care he received does not, as a matter of law, establish deliberate indifference under the Eighth Amendment. [R. 60 at 19-24.] Defendants Wilson, Jones, and McHargue assert that they were not directly involved with Koprowski's medical care and cannot be held vicariously liable for the conduct of others. [R. 60 at 25-27.] All Defendants assert that they are entitled to qualified immunity and that the Equal Protection Clause does not provide an independent basis for Koprowski to challenge the medical care he received. [R. 60 at 30-31.] Koprowski filed a timely response to Defendants' motion [R. 66], to which Defendants dutifully replied. [R. 68.]

## II

After briefing was completed on Defendants' summary judgment motion, Koprowski filed a number of procedural motions which must be addressed before reaching the merits. The first group of motions is predicated upon Koprowski's assertion that he did not receive a service copy of certain medical records filed by Defendants. When Defendants filed their summary judgment motion on June 29, 2012 [R. 60] they also filed a motion to place the declaration of Karen Bennett-Baker, and various medical records for Koprowski referenced in and attached to it, under seal to protect Koprowski's privacy. [R. 61] These documents consist of Bennett-Baker's 13-page declaration dated June 19, 2012, and 561 pages of Koprowski's medical records. [R. 62] These documents were provisionally filed under seal pending a ruling on the motion to seal them pursuant to Rule 8.1(a)(3) of the Court's Joint General Order No. 11-02, which establishes certain procedures for electronic case filing.

At the end of each of these documents—including the summary judgment motion [R. 60],

3

the memorandum filed in support of it [R. 60-1], and the motion to seal [R. 61]—counsel for Defendants, Carlton Shier, certified that he had mailed a copy of each order to Koprowski at his prison. *See* Fed. R. Civ. P. 5(b)(2)(C). The Court subsequently granted the motion to file the documents under seal. [R. 70] However, in a series of motions that followed, Koprowski indicated that he never received the medical records attached to Bennett-Baker's declaration.

First, on August 30, 2012, Koprowski filed a "Motion to Compel Discovery and/or Unsealing of Declaration" [R. 73] in which he alleges that he "never received service of [R. 61-defendants' motion to seal], or the "declaration of Karen Bennett-Baker and it's attachments [R. 62]." Later in his motion, however, Koprowski states that he received Bennett-Baker's thirteen-page declaration, but sought to make sure that if Bennett-Baker had filed a second declaration that he be provided a copy of it. He further indicates that he did not receive a copy of Exhibit B, which consists of the 561 pages of medical records. [R. 73 at 1.] Koprowski contends that, notwithstanding Shier's certification that he served Koprowski with a copy of these documents, Shier had in fact not done so. [R. 73-1.] Koprowski also expresses that he did not receive a copy of his medical records because they were filed under seal, but later acknowledges his own confusion regarding the distinction between documents filed under seal and those filed *ex parte*. [R. 73-1 at 2-4, 5.] Koprowski requests an order directing Shier to serve him with a copy of these documents.

In Defendants' response [R. 74], they note that Koprowski acknowledged having received Bennett-Baker's declaration. They further argue that, in response to his earlier requests for medical records under the Freedom of Information Act (FOIA), an April 17, 2012 letter [R. 64-2 at 16] from the BOP stated that it had responded to his prior request by mailing two compact discs containing PDF images of his medical records and x-rays to his attorney as

Koprowski had requested.  Defendants finally explain that Koprowski has always been able to review his medical records upon request under Program Statement (PS) 6090.03, although he may not be able to retain copies of them under certain circumstances. [R 74 at 2-3.]

A month later, Koprowski filed a motion to strike the defendants' motion to seal his medical records, alleging that either Shier was not serving him with copies of his motions as required by Rule 5, or that the prison was confiscating or not delivering these documents. [R. 75 at 1.]  In the same motion, Koprowski claims that he also had not received a copy of Defendants' response [R. 65] to his Rule 56(d) motion. [R. 75 at 2.]  Defendants responded by citing Rule 5, that "service is complete upon mailing," and claiming that none of the documents had been returned as undeliverable. [R. 83]

Koprowski filed a second motion to strike the medical records attached to Bennett-Baker's declaration on the ground that they had not been authenticated on October 12, 2012. [R. 79.]  In his motion, Koprowski candidly acknowledged that because he did not receive the records in question, he actually has no idea whether or not they were authenticated.  [R. 79 at 1 ("[A]s far as plaintiff knows (without the required service to plaintiff) [Defendants] did not authenticate this vast amount of plaintiff's own medical records . . . .")]  The remainder of his motion merely reiterates his prior protest that he did not receive the documents in question. Defendants respond that Bennett-Baker authenticated the documents in question in her declaration.  [R. 85; R. 62 at 13, para. 36.]

Koprowski filed a "Motion for Designation of Proxy/Attorney in which to Accept Records Sought / Rule [5] Service Segregable due to Security Concerns" less than three weeks later. [R. 87]  Through this motion, Koprowski seeks to designate Billy Sams, a person he identifies as an attorney in Tennessee, to receive the medical records attached to Bennett-Baker's

declaration, or any records segregated "due to security concerns." [R. 87.]  Nine days later, on November 8, 2012, Koprowski filed a "Motion and Memorandum for Service of Plaintiff's Exhibit B Medical Records" seeking essentially the same relief. [R. 90]  Defendants responded to both motions in the same document, repeating their argument that Koprowski may access all of his medical records at the prison, but he must comply with the applicable procedures.  Use of a proxy is therefore unnecessary and should not be permitted. [R. 93]

Finally, on November 26, 2012, Koprowski filed a motion for sanctions. [R. 94]  In his motion, Koprowski requests sanctions under Rule 11, as well as under 28 U.S.C. § 1927, predicated upon his allegation that Shier intentionally did not serve him with a copy of the exhibits, as well as other documents. [R. 94 at 4-6.]  Koprowski also argues that Shier's statement that Koprowski sought to add an additional party through amendment to his complaint was false. [R. 94 at 6-7.]  Koprowski further contends that a number of arguments made in the summary judgment motion and in response to subsequent motions by Koprowski were false and fraudulent, and similarly attacks statements made in the declarations Defendants filed in support of their motion to dismiss. [R. 94 at 7-14.]  Defendants responded, noting that Koprowski was served with his medical records, and addressing point-by-point to Koprowski's attacks upon the veracity of the statements made in their motion to dismiss. [R. 96]

The Court will deny Koprowski's motions.  While he contends that Shier intentionally failed to serve these medical records as required by Rule 5, the Court's independent review of the record strongly suggests something far less sinister was at work.  Since Defendants' initial appearance in this case, Shier has consistently served motions and papers to Koprowski at USP-McCreary by sending them to "Inmate Mail/Parcels, P.O. Box 3000" in Pine Knot, Kentucky. [R. 22 at 3; R. 26 at 3; R. 33 at 3; R. 42 at 3; R. 56 at 3.]  This is the proper mailing address for

inmate mail at the prison.[1]  However, for reasons unclear from the record, Shier mailed his

summary judgment motion, the motion to seal, and his reply brief to Koprowski by sending them

to "330 Federal Way, P.O. Box 1870" in Pine Knot, Kentucky. [R. 60 at 2; R. 61 at 2; R. 68 at

15; R. 69 at 3.]  While 330 Federal Way is the correct physical address for the prison, the BOP's

website expressly indicates that it should not be used for inmate mail.  Post Office Box 1870 is

the mailing address for another administrative officer at USP-McCreary.  Apart from these four

documents, Shier mailed all other documents to the proper address for inmate mail.  [R. 65; 74;

82-85; 93; 96.]

        These facts strongly support the conclusion that Shier mailed certain documents in this

case to the wrong service address as the result of simple clerical error, not in a deliberate attempt

to deprive Koprowski of documents.  This does not clearly explain why Koprowski would not

have received Defendants' response to his Rule 56(d) motion [R. 65], which was mailed to the

correct address.  Nor does it explain why Koprowski received Defendants' summary judgment

motion [R. 60] and Bennett-Baker's declaration [R. 62], both of which were mailed to the wrong

address, while simultaneously not receiving the medical records that were attached to Bennett-

Baker's declaration. [R. 62-1 to 62-8.]  In all likelihood, the USP-McCreary staff member who

received the misdirected documents simply forwarded them to an appropriate corrections officer

for delivery to Koprowski.  The same may not have been true for the medical records, either

because of their bulk or because of their sensitive nature.  Regardless of what actually transpired,

this evidence strongly suggests that mail was inadvertently misdirected, and Koprowski's belief

about nefarious conduct appears to be unfounded.

        In these motions and responses to them, each of the parties make a number of assertions

---

[1]      *See*   http://www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facility

that warrant brief discussion.  In his original motion to unseal his medical records, Koprowski appears to believe that he was not sent a copy of these records because they were filed under seal. [R. 73-1 at 2-4.]  This would be correct if the records had been filed *ex parte*, but filing documents under seal only prohibits the general public from viewing the documents—the parties in the case must still be served with copies. Fed. R. Civ. P. 5(a)(1)(D).  Accordingly, Defendants mailed a copy of the documents to Koprowski as required by Rule 5, but they were sent to the wrong address.

The Court will therefore deny Koprowski's motion to unseal these documents, but only because his motion appears to be based upon a misunderstanding of the law. [*See* R. 78-1 at 13, para. 3.]  These documents do not need to be unsealed in order for him to be entitled to a copy of them.

In response to several of Koprowski's motions, Defendants indicate that, apart from his entitlement to receive a copy of his medical records as an attachment to their summary judgment motion, Koprowski has always been entitled to review his own medical records directly at the prison. PS 6090.03 §15(a).  The Court interprets Defendants' statement to mean only that this is an alternative means for Koprowski to review his medical records, not that the availability of this mechanism relieved them of the obligation to provide him with a service copy in the first instance.

Finally, Koprowski's motion for sanctions is at best wholly without merit, and at worst constitutes the second unauthorized sur-reply filed by Koprowski—a clear abuse of the briefing process.  Koprowski's first and last grounds for relief are the same, and are based upon his allegation that counsel for Defendants intentionally failed to serve four documents, Record Nos.

---

Code=mcr (last visited on March 26, 2013).

25, 33, 61, and 65, upon him. [R. 94 at 6, 14-15.]  Defendants correctly respond that Koprowski filed a response to the first two of these documents within days after they were filed, [R. 28; 36] notwithstanding the alleged failure to serve them, a compelling indication that they were properly mailed to and received. [R. 96 at 4.]  As previously noted, Defendants' motion to seal [R. 61] contains a certificate of service, but the mailing address was incorrect.  While Koprowski contends he did not receive Defendants' response opposing his motion under Rule 56(d), [R. 65] it was mailed to the correct address, and therefore was properly served upon mailing, regardless of actual receipt. *Sutton v. United States*, 1991 WL 590, at *3 (6th Cir. 1991).  These facts establish that there is no basis to conclude any wrongdoing occurred, let alone sufficient culpability to warrant sanctions.

Koprowski's second ground for imposing sanctions is that Shier improperly characterized the amendment of his complaint to include an official capacity claim as resulting in the addition of a new defendant. [R. 94 at 6-7.]  This argument is baseless, as Shier's statement of the law was entirely correct. [R. 96 at 4-5 (citing *Cupe v. Lantz*, 470 F. Supp. 2d 128, 134 (D. Conn. 2007) ("[A]dding a defendant in his or her individual capacity, even when already named in his or her official capacity, constitutes addition of a party.")]

Koprowski's third, fourth, and fifth grounds to impose sanctions all contend that Defendants made false or misleading statements in the motion for summary judgment or the declarations filed in support of it. [R. 94 at 7-14.]  His arguments, however, indicate merely his continued disagreement with his healthcare providers about the care he actually received and its propriety, as well as a variation on his allegation that some of these providers falsified or altered his medical records.  Because there is objective evidence in the record from Koprowski's medical records to support the statements made by Defendants, there is no ground to conclude

that they were made without a factual basis, precluding the imposition of sanctions.  *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 913 (6th Cir. 2010) ("Rule 11 requires reasonable inquiry into a complaint's factual allegations, not absolute certainty.").  More fundamentally, with its extensive discussion of the issues raised in Defendants' summary judgment motion, Koprowski's motion for sanctions plainly constitutes a thinly-veiled attempt to file yet another response in opposition to the defendants' summary judgment motion, in addition to the sur-reply he filed on November 7, 2012 [R. 89], without prior authorization.  Koprowski's motion for sanctions will be denied.

The Court has determined that Koprowski's motions relating to service of documents in this action must be denied, primarily because his failure to receive his medical records was apparently the result of inadvertence.  However, it is clear that these documents were sent to the wrong address.  Defendants are correct that service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), but the rule requires the documents to be mailed "to the person's last known address," which they were not.  Therefore, Defendants did not properly serve their summary judgment motion as required by Rule 5.

Under the circumstances, the Court concludes that Defendants' third ground for summary judgment [R. 60, pp. 19-24] must be denied without prejudice for failure to properly serve the exhibits to their motion.  However, it is clear that even without proper service, Koprowski actually received Defendants' summary judgment motion, as well as Bennett-Baker's declaration, and was able to file both a substantive response to the summary judgment motion and a Rule 56(d) motion. [R. 64; 66.]  While the failure to properly serve the medical records may have prejudiced Koprowski's ability to fully respond to Defendants' arguments regarding the sufficiency of his medical care, the same cannot be said regarding the other grounds for

dismissal asserted in the defendants' motion. The content of the medical records has no bearing upon the legal arguments regarding Koprowski's exhaustion of administrative remedies, the preclusive effect of the IACA, the viability of a claim predicated upon supervisory liability, or the availability of an equal protection claim. Because Koprowski was not impaired in his ability to respond to these arguments in favor summary judgment, the Court will consider them, and will deny only Defendants' third ground for summary judgment. [R. 60 at 19-24.]

As a separate matter, on September 27, 2012, Koprowski filed a motion to disallow consideration of the declarations filed by the Defendants who provided healthcare on the ground that they lack the experience to qualify as expert witnesses under Federal Rule of Evidence 702, or in the alternative, requesting documentation of their professional qualifications and experience. [R. 77.] Defendants note that the declarants are parties to this action, not retained expert witnesses; the declarations were made upon personal knowledge based upon their treatment of Koprowski; and they are offered to provide fact, rather than expert, testimony. [R. 82 at 1-2.] In his reply, Koprowski argues, in essence, that the declarations should be disallowed because the declarants are not specialists with respect to spinal injuries, and therefore may not offer any opinion regarding his medical care. [R. 86.]

Koprowski's objections to these declarations could and should have been made in his response to Defendants' motion for summary judgment, particularly because his motion contains additional argument opposing the motion. Regardless, Defendants are correct that Koprowski's objections are misguided. The declarations of Bennett-Baker, Jones, Ramirez, and Vazquez-Velazquez were based upon their personal knowledge and interaction with Koprowski during the course of his treatment and are offered for the facts stated in the declaration rather than for use as expert testimony. *Young v. United States*, 181 F.R.D. 344, 346 (W.D. Tex. 1997) ("[A] treating

physician generally must be considered an ordinary fact witness, and should not be considered an expert unless the physician has been specifically retained to develop an expert opinion."); *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002); *Runkle v. Pancake*, 2012 WL 3684345, at *13 (W.D. Ky. Aug. 27, 2012).

This is particularly so in this *Bivens* action because Koprowski is not claiming that Defendants committed medical malpractice.  In a malpractice action, to establish negligence expert testimony is necessary to establish the applicable standard of care and a deviation below it.  Here, because Koprowski's claim arises under the Eighth Amendment, he must show that the defendants intentionally disregarded a known risk of harm to him, in this case by adhering to a treatment regimen that was plainly insufficient or inappropriate to treat his medical conditions. Expert testimony is simply not required.  Indeed, Koprowski's motion itself makes clear that his challenge to their credentials is intended to support his claim that they were unqualified to make decisions regarding his medical care, a matter that goes to the weight to be afforded their testimony, not to its admissibility. [R. 86 at 5 ("Plaintiff is merely trying to reveal these defendant's unqualified [status] which is the basis of one of his claims under the 8th Amendment.")]  The declarations may properly be considered in support of Defendants' motion for summary judgment, and Koprowski's motion to exclude the declarations will therefore be denied.

Finally, on October 12, 2012, Koprowski filed a motion to compel the defendants to provide him with the mailing address, telephone number, and e-mail address of Rhonda Jones. [R. 80]  As grounds, Koprowski stated that Jones had been terminated from her employment at the prison in September 2012, and he believed it was probable that as a result of her termination, she was no longer represented in this case by the Department of Justice.  In response, Shier,

12

Defendants' counsel, advised that he continued to represent Jones. [R. 84.]  Koprowski replied

that the DOJ should have terminated the representation, or would do so in the future. [R. 92.]

Because Shier has filed an appearance on behalf of Jones and has not filed a motion to withdraw

as her counsel and received permission to do so from the Court, he continues to serve as her

counsel in this proceeding. LR 83.5, 83.6.  Koprowski's motion will therefore be denied.

### III

Defendants' summary judgment motion seeks dismissal of Koprowski's claims on a

variety of grounds, including his alleged failure to administratively exhaust his First Amendment

retaliation claim, the exclusivity of an available remedy under the IACA, certain defendants were

not personally involved in Koprowski's medical care, and claims challenging prison medical

care must be analyzed solely under the Eighth Amendment. [R. 60.]  These aspects of

Defendants' summary judgment motion are properly before the Court and are ripe for decision.

The Court must first consider Koprowski's Rule 56(d) motion to conduct limited

discovery in order to respond to Defendants' motion. [R. 64]  The rule provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court may:
> (1)     defer considering the motion or deny it;
> (2)     allow time to obtain affidavits or declarations or to take discovery; or
> (3)     issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Koprowski contends that he made several attempts to obtain relevant

medical records in 2011 and 2012 through requests made directly to prison officials and under

FOIA, but that these requests were disregarded. [R. 64 at 2.]  In an affidavit attached to his

motion, Koprowski indicates that he seeks copies of his medical records and wishes to depose

current and former prison medical staff. [R. 64-2.]  He also states that he seeks the names and

current addresses of former BOP employees, [R. 64-2 at 1-2] but does not identify these

individuals by name, nor does he describe the basis of their knowledge or the anticipated substance of their testimony.  Koprowski also seeks broad categories of documents, such as post orders, sensitive information reports, utilization review committee documents, log details, inmate and staff statements, internal affairs investigations of or disciplinary records against any of the defendants. [R. 64-2 at 2.]  Koprowski does not limit these requests by place, time period, or person, and offers no suggestion as to their content or relevance to Defendants' summary judgment motion except to state that they may "lead to admissible evidence to oppose the Summary Judgment Motion at bar with facts." [R. 64-2 at 2, 3.]

Koprowski's broad and vague discovery requests fail to "affirmatively demonstrat[e] ... how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the [motion for summary judgment]." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998); *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 51 (6th Cir. 2010) (holding that district properly denied 56(d) motion that "provide[d] little by way of specific information that [the movant] hopes to glean").  At this juncture, the Court is not considering Defendants' argument that Koprowski cannot demonstrate deliberate indifference to his medical needs under the Eighth Amendment, but only their arguments, primarily or entirely legal in nature, regarding exhaustion of administrative remedies, IACA exclusivity, supervisory liability, and the availability of equal protection and due process claims over prison medical care.  A continuance for discovery is not necessary to respond to those legal arguments.  *Teck Metals, Ltd. v. Certain Underwriters at Lloyd's, London*, 735 F. Supp. 2d 1246, 1256 (E.D. Wash. 2010); *Oliver v. Klee*, 2013 WL 503087, at *2 (N.D. Cal. Feb. 8, 2013); *Chiang v. Schafer*, 2008 WL 3925260, at *62 (D.V.I. Aug. 20, 2008).  Because Koprowski has not identified specific factual discovery he needs in order to preclude summary judgment, *Tatum v. City and Cnty. of San*

14

*Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006), his request to delay consideration of the summary judgment motion will be denied.

**A**

With the exception of Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to the IACA, the Court must treat Defendants' motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). If the moving party demonstrates that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law, she is entitled to summary judgment. *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992).

The moving party does not need her own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remains for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts.").

The court reviews all of the evidence presented by the parties in a light most favorable to the responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The court must grant

15

summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden. *Harvey v. Hollenback*, 113 F.3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993).

**B**

Defendants first contend that while Koprowski exhausted his administrative remedies with respect to his complaints regarding his medical care, he did not do so with respect to any other claim. [R. 60-1 at 14-15.] In support of this argument, Defendants attach the declaration of Denise Gottleib, a Paralegal Specialist for the Bureau of Prisons, who indicates that Koprowski filed Administrative Remedy No. 570095 complaining about the sufficiency of his medical care for his back injury. At the regional level his request for an MRI was granted, but his appeal to the Central Office seeking further relief was denied on July 1, 2010. [R. 60-7 at 1-2.] Defendants therefore concede that his claims regarding his medical care have been exhausted.

Koprowski filed and exhausted other grievances regarding claims unrelated to his current complaint, but none involved his allegations regarding retaliation. [*Id*. at 2.] Gottleib indicates that Koprowski did file a "sensitive" grievance with the Mid-Atlantic Regional Office (MARO) in which he complained that staff were blocking his grievances and falsifying his medical records. However, MARO rejected this grievance on January 31, 2012 on numerous procedural grounds, including that it was not grievable as a sensitive matter, was untimely filed, complained of numerous and unrelated incidents, and was not filed at the proper level. [*Id*. at 3.] Koprowski made no effort to cure any of those defects. [*Id.*]

16

In response, Koprowski argues that "his many attempts at informal resolution . . . shows that plaintiff, through administrative remedies, cop outs, letters, personal appeals/sick calls and other attempts at formal/informal resolution, has provided ample notice for the constitutional violations occurring." [R. 66 at 10.]  In sum, Koprowski concedes that he failed to exhaust with respect to these claims, but he argues that the sheer volume of his informal complaints should qualify as a legally-sufficient substitute for formal exhaustion.

Well-established precedent requires this argument to be rejected.  The Supreme Court has clearly held that exhaustion must be accomplished formally and in full conformity with the agency's procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  More specifically, the Supreme Court has previously rejected any notion that simply putting prison officials "on notice" of a particular claim will satisfy the mandatory exhaustion requirements of the PLRA:

> First, Baker argues that through his prior invocation of the grievance process in 2004, the BOP was put on "fair notice" of his claims, and therefore he was not required to exhaust his claims again for conduct occurring thereafter.  Baker cites *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) for this proposition, which set forth the Sixth Circuit's rule that a grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made." Contrary to Baker's suggestion, *Burton*'s holding relates to the sufficiency of the allegations made in a particular prison grievance to put prison officials on notice of the nature of prisoner's claim—it does not remotely support the notion that once prison officials are aware of that claim, the prisoner is thereafter excused from fully and properly exhausting a claim arising out of similar but distinct conduct as required by 42 U.S.C. § 1997e and *Woodford v. Ngo*, 548 U.S. 81, 86 (2006).

*Baker v. Holder*, 2010 WL 1334924, at *4 (E.D. Ky. Mar. 30, 2010); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (notice of a claim alone is not sufficient after *Woodford v. Ngo*, which permits suit only after "proper exhaustion" of the administrative system)

Koprowski also argues that the threat of retaliation itself deterred him from filing a grievance regarding his retaliation claim. [R. 66 at 19-20.]  Defendants correctly counter [R. 68

at 4 n.1] that Koprowski's assertion that he was "chilled" from filing a grievance is directly refuted by his own assertion, made in the same response, that he had made "many attempts at informal resolution" including "administrative remedies, cop outs, letters, personal appeals/sick calls and other attempts at formal/informal resolution" regarding his claims. [R. 66 at 10.] Indeed, the exhibits attached to Koprowski's complaint include repeated requests for assistance from a member of Congress, as well as dozens of contentious complaints and grievances regarding his medical care, filed both before and after he initiated this lawsuit.  This record establishes beyond cavil that Koprowski had no fear of retaliation. *Johnson v. Blaine*, 2006 WL 3490578, at *5 (W.D. Pa. Dec. 1, 2006).  Because Koprowski did not exhaust his administrative remedies with respect to his claim of First Amendment retaliation as required by 28 U.S.C. § 1997e(a), this claim must be dismissed.

Defendants next argue that Koprowski's constitutional claims under *Bivens* arising out of the medical care he received for his work-related injury must be dismissed for lack of subject matter jurisdiction. [R. 60-1, pp. 18-19]  As grounds, they contend that the IACA is the exclusive remedy for harm suffered both as a direct result of a work-related injury at the prison and for subsequent medical care for such an injury. *United States v. Demko*, 385 U.S. 149, 151-54 (1966) (availability of remedy under IACA precludes claim under FTCA).

*Bivens* was decided five years after *Demko*, and the Supreme Court has not had occasion to consider the interplay between these two remedies.  Some circuits have concluded that while *Demko* precludes pursuit of a FTCA claim for a prison-related injury, it does not preclude relief under *Bivens*. *Cf. Bagola v. Kindt*, 39 F.3d 779, 780 (7th Cir. 1994).  Nonetheless, the Sixth Circuit adheres to a contrary rule.  In a case arising out of this district, the Sixth Circuit held:

> The district court lacked subject matter jurisdiction to consider Walls's claims to the extent that they concerned medical treatment for his hand. The IAC is the

18

exclusive means of recovery for a federal prisoner's work-related injuries and for work-related injuries which are subsequently aggravated by negligence and medical malpractice on the part of prison officials.

*Walls v. Holland*, 1999 WL 993765, at *2 (6th Cir. 1999).  Asserting claims very similar to those brought by Koprowski, the plaintiff in *Walls* complained of medical care he received for a work-related injury one to two years before that care began.  Allegedly, the defendants were deliberately indifferent to his medical needs because they failed to seek medical advice from an outside specialist, denied him adequate medication, and allegedly made medical decisions based upon financial concerns. *Id*. at *1.  The Sixth Circuit found that such claims must be pursued under the IACA.  Koprowski's attempt to distinguish his claims from those found to be foreclosed in *Walls* is specious.

Sixth Circuit precedent also dispatches Koprowski's argument that the exclusivity of the IACA applies to claims against government entities under the FTCA but not to those against individuals under *Bivens*. *Springer v. United States*, 2000 WL 1140767, at *1 (6th Cir. 2000) (IACA bars claims under the FTCA and *Bivens*).  While other circuits have reached different results, *cf. Smith v. United States*, 561 F.3d 1090, 1101-03 (10th Cir. 2009), this Court is bound to apply Sixth Circuit precedent.  District courts in this circuit have consistently held that under *Walls*, *Bivens* claims for deliberate indifference in medical care provided for a work-related injury are barred by the IACA. *E.g.*, *Saddoris v. United States*, 2012 WL 6732139, at *3-4 (N.D. Ohio Dec. 28, 2012); *Roper v. Does*, 2012 WL 3078097, at *3-4 (N.D. Ohio July 10, 2012).  Koprowski's claim of deliberate indifference to his serious medical needs under the Eighth Amendment must therefore be dismissed for lack of subject matter jurisdiction.

Defendants further argue that Koprowski's claims that the medical care he received violated other constitutional provisions, including the Equal Protection Clause of the Fourteenth

19

Amendment and the Due Process Clause of the Fifth Amendment, necessarily fail because the Eighth Amendment is the specific, and therefore proper constitutional provision under which his claims must be analyzed. [R. 60-1 at 30-31.] The Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that provision, not under the broad rubric of substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.").

Applying this rule, courts have consistently held that because the Eighth Amendment is the proper vehicle to assert challenges to prison medical care, due process and equal protection claims challenging the same conduct fail as a matter of law, and must be dismissed. *Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3d Cir. 2007) ("The very viability of his Eighth Amendment claim means that his substantive due process claims are without merit . . . ."); *Sandoval v. Corr. Corp. of America*, 2012 WL 1552265, at *5 (N.D. Ohio Apr. 30, 2012).[2] This is the result that must also be rendered for this claim.

**IV**

Accordingly, and the Court being sufficiently advised, **IT IS HEREBY ORDERED** that:

---

[2] The Court separately notes that Koprowski's equal protection claim independently fails as a matter of law. While he contends that other inmates received better medical care than he did, he offers nothing beyond his own conclusory assertion that their medical conditions were similar to his own. *See Hodge v. U.S. Dept. of Justice*, 372 F. App'x 264, 268 (3d Cir. 2010) (*citing Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d

1.      Koprowski's "Motion to Compel Discovery and/or Unsealing of Declaration" [R. 73] is **DENIED**;

2.      Koprowski's "Motion to Strike" [R. 75] is **DENIED**;

3.      Koprowski's "Motion to Strike Defendant's Dismissal Motion's Exhibit B for the Lack of Authentication" [R. 79] is **DENIED**;

4.      Koprowski's "Motion for Designation of Proxy/Attorney in which to Accept Records Sought / Rule [5] Service Segregable due to Security Concerns" [R. 87] is **DENIED**;

5.      Koprowski's "Motion and Memorandum for Service of Plaintiff's Exhibit B Medical Records" [R. 90] is **DENIED**;

6.      Koprowski's "Motion for Sanctions under Rule 11(b) and 11(c) Pursuant to the Federal Rules of Civil Procedure" [R. 94] is **DENIED**;

7.      Koprowski's "Motion to Disallow Medical Defendant's Declarations" [R. 77] is **DENIED**;

8.      Koprowski's "Motion for Identification of Defendant Rhonda Jones Counsel Due to Recent Termination by the Department of Justice" [R. 80] is **DENIED**;

9.      Koprowski's motion for discovery prior to consideration of the defendants' motion for summary judgment pursuant to Rule 56(d) [R. 64] is **DENIED**;

10.     Defendants' motion to dismiss Koprowski's deliberate indifference claims under the Eighth Amendment for lack of subject matter jurisdiction [R. 60] is **GRANTED**;

11.     Defendants' motion for summary judgment on Koprowski's remaining *Bivens* claims [R. 60] is **GRANTED**;

12.     Koprowski's complaint [R. 54] is **DISMISSED WITH PREJUDICE**;

Cir. 2009)).

13.     The Court will enter an appropriate judgment.

14.     This matter is **STRICKEN** from the active docket.

This 29th of March, 2013.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**